**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA

    v.

YANCEY JACK GARRINGER,

    **Defendant.**

    **CRIMINAL CASE NO.
1-14-CR-287-SCJ**

## ORDER

This matter appears before the Court for consideration of the magistrate judge's November 6, 2014 Report and Recommendation ("R&R") (Doc. No. [26]), in which The Honorable Justin S. Anand, United States Magistrate Judge, denied the Defendant's two motions to compel discovery (Doc. Nos. [13], [24]) and further recommended to the extent that said motions are construed as requests to dismiss the Indictment, said requests be denied.

On November 25, 2014, Defendant filed an "Affiant's Proffered Petition of Objections," which the Court construes as objections to the R&R (Doc. No. [33]).[1] In his objection, Defendant objects to page 8 of the R&R in which the magistrate

---

[1] Said objections are untimely as they were not filed within fourteen days of service of the magistrate's R&R. See Doc. No. [27], p. 1. Accordingly, said objections are overruled as untimely. To the extent that it is otherwise proper to consider the late-filed objections, the Court enters the following order.

denied the Defendant's motion compel at Doc. No. 24.[2] Defendant refers to the United States as a plaintiff and argues that as a plaintiff, the United States must establish standing. Defendant requests that this Court compel the United States to produce the documents that give it standing and for this Court to make a determination of who has the superior protected interest in certain collateral that Defendant refers to as "Yancey Jack Garringer." Doc. No. [33], p. 5.

When such objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

In reviewing Defendant's objection, it appears that Defendant is conflating criminal and civil law/procedure in his arguments, which does not yield a proper analysis. Standing to bring a lawsuit is a concept generally found in the

---

[2]   Defendant makes no objections to the magistrate's order/R&R as it relates to the motion at Doc. No. [13]. In the absence of objection and after review, said portion of the magistrate's order/R&R concerning Doc. No. [13] are adopted as the order of the court.

AO 72A
(Rev.8/82)

civil realm of the law — and so is the term "collateral interest." This is illustrated by Defendant's citation of authority,[3] which consists of a number of cases analyzing standing in the civil (*i.e.*, non-criminal prosecution) context. To this regard, Defendant's citation of authority is not applicable as said cases are based upon civil (*i.e.*, non-criminal) law. Here, the Defendant is subject to a criminal prosecution. Defendant has not cited a single case in which any court has held that the United States must present documents or otherwise show standing in a criminal prosecution.

"There are significant differences between procedural requirements in civil and criminal cases which make it unsafe to draw any analogy between the two . . . ." Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Fla., 323 F.2d 233, 237 (5th Cir. 1963).[4] In fact, "our Constitution has totally rejected the continental system of compounding criminal proceedings with civil adjudications." United States v.

---

[3] See Doc. No. [33], p. 3 (citing Dillard v. Baldwin Cnty Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Florida Ass'n of Med. Equip. Dealers v. Apfel, 194 F.3d 1227 (11th Cir. 1999) and E.F. Hutton & Co. v. Hadley, 901 F.2d 979 (11th Cir. 1990)).

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

<u>United Mine Workers of Am.</u>, 330 U.S. 258, 364 (1947) (J. Black, concurring in part and dissenting in part).

Also in his filings, Defendant relies heavily on Article III, § 2 of the United States Constitution and suggests a lack of jurisdiction.   Doc. No. [33], p. 5. However, Defendant's arguments fail to address Article III, § 2 in its entirety, as said section provides in relevant part that "[t]he judicial Power shall extend . . . to Controversies to which the United States shall be a Party . . . ." U.S. Const. art. III, § 2, cl. 1. Here, the United States is a party to this criminal prosecution.   In addition, this Court has jurisdiction to try Defendant pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Here, the Defendant has been charged by way of Indictment (Doc. No. [9]) with an offense against the laws of the United States, *i.e.*, escape from custody in violation of Title 18, United States Code, Section 751(a). Accordingly, Defendant's lack of jurisdiction assertion fails. <u>See also</u> <u>United States v. Sellors</u>, 572 F. App'x 628, 632 (10th Cir. 2014) (rejecting a defendant's "no standing" argument as patently frivolous and finding

AO 72A
(Rev.8/82)

jurisdiction for a district court to try a defendant for violating a criminal statute under 18 U.S.C. § 3231).

After *de novo* review, the Court accepts the recommendation of the magistrate and adopts the R&R as the order of the Court.   Defendant has improperly conflated civil and criminal law and is not entitled to compel production of the documents that he requests.   The Court further rejects Defendant's assertions based on lack of jurisdiction.

## Conclusion

After *de novo* review, the Court hereby **ADOPTS** the R&R (Doc. No. [26]) as the order of the Court.   Defendant's objections (Doc. No. [33]) are hereby **OVERRULED**.

Defendant's motions to compel discovery (Doc. Nos. [13], [24]) are hereby **DENIED**.   To the extent said motions could be construed as requesting dismissal of the Indictment, such request is hereby **DENIED**.

**IT IS SO ORDERED,** this __10th__ day of December, 2014.

_Steve C. Jones_
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)